**Richard Lee CHATHAM, Petitioner,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Respondent.**

No. 76–1724.

United States Court of Appeals, District of Columbia Circuit.

Submitted Without Oral Argument June 2, 1978.

Decided Nov. 9, 1978.

Norman S. Johnson and Paul T. Moxley, Salt Lake City, Utah, were on the brief for petitioners.

David Ferber, Sol., Kathryn B. McGrath, Asst. General Counsel, and Frank A. Wilson, Atty., S. E. C., Washington, D. C., were on the brief for respondent.

Before LEVENTHAL and ROBINSON, Circuit Judges, and RICHEY,* United States District Judge for the District Court of the District of Columbia.

Opinion PER CURIAM.

PER CURIAM:

Petitioner contests the factual basis for the Commission's order [1] finding that he had willfully aided and abetted violations of (a) the "net capital" rule—which requires a broker-dealer to maintain sufficient liquid assets to protect its customers [2]—(b) the requirement that proceeds of a public offering be promptly placed in an escrow account [3] and (c) certain reporting [4] and recordkeeping [5] provisions of the Securities Exchange Act of 1934, and barring him from association with any broker or dealer. That ruling followed proceedings in which the Commission undertook the burden of proving various violations by a preponderance of the evidence. [6] We remanded [7] the

---

* Sitting by designation pursuant to 28 U.S.C. § 292(a) (1976).

1. Securities Exchange Act Release No. 12523 (June 8, 1976), Joint Appendix (J. App.) at 81.

2. Securities Exchange Act § 15(c)(3), 15 U.S.C. § 78o (c)(3) (1976); SEC Rule 15c3–1, 17 C.F.R. § 240.15c3–1 (1977).

3. Securities Exchange Act § 15(c)(2), 15 U.S.C. § 78o (c)(2) (1976); SEC Rule 15c2–4, 17 C.F.R. § 240.15c2–4 (1977).

4. Securities Exchange Act §§ 15(b), 17(a), 15 U.S.C. §§ 78o (b), 78q(a) (1976); SEC Rules

15b3–1, 17a–5, 17a–11, 17 C.F.R. §§ 240.15b3–1, 240.17–a5, 240.17a–11 (1977).

5. Securities Exchange Act § 17(a), 15 U.S.C. § 78q(a) (1976); SEC Rule 17a–3, 17 C.F.R. § 240.17a–3 (1977).

6. See In re Gregersen (initial decision) (June 26, 1975) (unreported) at 2, J. App. 18, 20, aff'd, Securities Exchange Act Release No. 12523 (June 8, 1976), J. App. 81.

7. Chatham v. SEC, SEC No. 76–1724 (order of Jan. 27, 1978).

record to the Commission for further consideration in light of our decision in *Collins Securities Corporation v. SEC*,[8] wherein we held that a Commission decision finding that a broker-dealership infringed certain antifraud provisions of the federal securities laws and ordering the offender barred from association with any broker or dealer must faithfully observe a clear-and-convincing-evidence standard of proof.

The Commission, in its opinion pursuant to the remand, ruled that this case is distinguishable from *Collins* and on that ground deemed the standard of proof initially applied to have been proper.[9] Additionally, the Commission examined the record and concluded that "the evidence with respect to all of Chatham's violations [was] clear and convincing."[10] We have carefully re-

viewed the record ourselves and find that there is substantial evidence[11] to support this determination; in other words, the Commission's ruling that Chatham's violations have been proven by clear and convincing evidence is reasonable on this record.[12] Since the Commission's action must be upheld under either standard of proof, we need not and do not resolve the applicability of *Collins* here. The order of the Commission is accordingly affirmed.

*So ordered.*

**8.** 183 U.S.App.D.C. 301, 562 F.2d 820 (1977).

**9.** Securities Exchange Act Release No. 14594 (Mar. 23, 1978) R2391–2392, Appendix to Supplemental Brief of Respondent (Supp. App.) 1–2.

**10.** *Id.* at R2392, Supp. App. 2.

**11.** See Securities Exchange Act of 1934 § 25(a)(4), 15 U.S.C. § 78y(a)(4) (1976). See also *Collins Sec. Corp. v. SEC, supra* note 8, 183 U.S.App.D.C. at 304 n.12, 562 F.2d at 823 n.12.

**12.** As Chief Justice Hughes' classic statement phrased it, "[s]ubstantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126, 140 (1938). *See also* Jaffe, *Administrative Law: Burden of Proof and Scope of Review,* 79 Harv.L.Rev. 914 (1966).